# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

THYSONE RONALD SMITH,

a/k/a "Tighty"

Crim. No. 07-743-02

FILED

AUG 31 2009

MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## OPINION

Pollak, J.                                                           August 2009

Defendant Thysone Smith was convicted after a jury trial of one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 and one count of attempted bank robbery in violation of 18 U.S.C. § 2113 (a) and (2). He seeks judgment of acquittal on the attempted bank robbery count only, arguing that the government's evidence presented at trial was insufficient to prove each of the elements required by the statute.

The jury's verdict must be upheld "if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Jimenez*, 513 F.3d 62, 72 (3d Cir. 2008); *United States v. Miller*, 527 F.3d 54, 60 (3d Cir. 2008). This inquiry requires that the court "interpret the evidence in the light most favorable to the

government as the verdict winner, and do[es] not weigh evidence or determine the credibility of witnesses in making [its] determination." *Id.* (citations and internal quotation marks omitted).

A.   **Evidence Presented At Trial**

The evidence relating to the attempted bank robbery count, viewed in the light most favorable to the government (as the verdict winner), was as follows: On the morning of May 14, 2008, Corporal Joseph Mellon, a Springfield Township police officer in Montgomery County, Pennsylvania on routine patrol in the Township saw a dark colored Chrysler LHS sedan with darkly tinted windows parked near the Commerce Bank at 1240 Bethlehem Pike. Corporal Mellon ran the plate number he observed on the Chrysler and noted that the tag did not match the vehicle's registered tag. He turned on his patrol lights, parked behind the Chrysler, got out of his police vehicle, and approached the car. Corporal Mellon noted that the Chrysler's two occupants were fully reclined in their seats, were wearing multiple layers of clothing, and had with them a large black bag, black wool full-face ski masks, black gloves, and four cell phones. Corporal Mellon arrested them and sought a search warrant for the vehicle. That search resulted in the discovery of another glove and face mask, a screw driver, and two BB guns resembling semiautomatic weapons. Defendant Smith, the passenger of the Chrysler, was subsequently charged with and convicted of attempted bank robbery and conspiracy to

commit bank robbery.[1]

**B.    18 U.S.C. § 2113(a)**

The question before the court is whether these facts provide sufficient evidence to prove each of the elements of attempted bank robbery within the meaning of 18 U.S.C. § 2113(a). The statutory language provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--

> Shall be fined under this title or imprisoned not more than twenty years, or both.

The precise issue before the court is whether a conviction under the first paragraph of this statute requires proof of the use of actual force or intimidation. Put another way, the question addresses the scope of the term "attempt": may it apply only to a taking, or may it also apply to, and hence qualify, the use of force, violence, or intimidation,

---

[1] The driver of the car, Lawrence Edward Brown, was also charged with attempted bank robbery based on this arrest. The two cases were severed for trial, and the instant motion is on behalf of defendant Smith only.

obviating any need for the government to prove that actual force, violence, and/or intimidation were utilized?

The Third Circuit has yet to have occasion to comment on this issue, and the courts of appeals that have addressed it are divided. The Seventh and Fifth Circuits have held, in accordance with Smith's reading of the statute, that an actual act of force or intimidation is required for a conviction under the first paragraph. The Second Circuit has held to the contrary and found that a conviction under the first paragraph may be sustained without proof of actual force or intimidation. The Fourth, Sixth, and Ninth Circuits have followed the Second.

**The "Wooden Logic" View**

The first court of appeals to discuss § 2113(a) was the Second Circuit, which, in 1976, in *United States v. Stallworth*, 543 F.2d 1038 (2nd Cir. 1976), affirmed a conviction for attempted bank robbery under the statute. In that case, defendants, who were foiled by the FBI after they had entered the bank parking lot but before entering the bank, argued that their conduct was sufficient to support a conspiracy conviction but "did not transcend a hypothetical fixed point on a spectrum of conduct culminating in the substantive offense of bank robbery." 543 F.2d at 1040. The court rejected the defendants' argument that because "they neither entered the bank nor brandished weapons" they did not commit an attempted bank robbery. The court called this argument "wooden logic" under the law of attempt, which does not require "law enforcement

officers to delay until innocent bystanders are imperiled." This is indeed a true statement about the law of attempt generally; however, it does not shed much light on the particular law of § 2113(a), the language of which was not part of the Second Circuit's analysis. In fact, the opinion in *Stallworth* does not address the text of § 2113(a) at all and instead discusses the law of attempt as an overall category of crime, noting opinions by Cardozo and Learned Hand on the law of attempt as well as the view promoted in the Model Penal Code.[2] *See id.* at 1040 nn.4, 5. This lack of textual analysis may be understandable, because, so far as one can tell from the *Stallworth* opinion, defendants do not appear to have grounded their arguments in the statutory language either, but rather on whether their conduct was sufficiently advanced to be more than mere preparation. As will be explained below, however, the lack of statutory analysis in the *Stallworth* opinion was to become problematic when later courts actually confronting the statutory question looked

---

[2]As a general rule (as distinct from a statute, such as § 2113(a), containing an attempt provision pertinent to the particular crime), a conviction for an attempted crime requires the prosecution to prove that the defendant had the intent to commit the crime and engaged in conduct constituting a substantial step towards the commission of that crime. *See, e.g., United States v. Hsu*, 155 F.3d 189, 202-203 and n.19 (3d Cir. 1998). This is consistent with the Model Penal Code's definition of attempt, which provides that a "person is guilty of an attempt to commit a crime if, acting with the kind of culpability otherwise required for commission of the crime, he: (a) purposely engages in conduct that would constitute the crime if the attendant circumstances were as he believes them to be; or (b) when causing a particular result is an element of the crime, does or omits to do anything with the purpose of causing or with the belief that it will cause such result without further conduct on his part; or (c) purposely does or omits to do anything that, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." *See* Model Penal Code § 5.01(1).

to *Stallworth* for answers.

For example, the Second Circuit revisited attempted bank robbery the following year in *United States v. Jackson*, 560 F.2d 112 (2nd Cir. 1977) (*cert. denied*, 434 U.S. 941). The issue of the identity of the specific statutory requirements was more clearly presented, as one of the defendants "contend[ed] that since the statute only mentions attempted taking and not attempted force, violence, or intimidation, it clearly contemplates that *actual* use of force, violence, or intimidation must precede an attempted taking in order to make out the offense of attempted bank robbery." *Id.* at 116 (emphasis in original). However, though the *Jackson* court presented the statutory question as it is presented in this case, the court rested on the *Stallworth* holding without undertaking any statutory analysis. The *Jackson* court engaged in an extensive analysis of the Model Penal Code's attempt provisions and the substantial step test but did not discuss the actual wording of § 2113(a) beyond reciting the "wooden logic" concerns expressed in *Stallworth*.

The Fourth Circuit followed the Second Circuit in *United States v. McFadden*, 739 F.2d 149 (4th Cir. 1984) (*cert. denied*, 469 U.S. 920) by adopting the *Jackson* and *Stallworth* views of attempt and the substantial step test. Responding to the defendants' arguments "that 18 U.S.C. § 2113(a) requires that force and violence or intimidation must accompany the attempt to take property from the custody or possession of the bank," the *McFadden* court repeated the entirety of the *Stallworth* opinion's discussion of the

"classical elements of an attempt" and also referred to the *Jackson* court's invocation of the Model Penal Code's definition of attempt. *Id.* at 151-52. The *McFadden* court then found that the defendants had acted with the requisite culpability and engaged in conduct constituting a substantial step towards the commission of the crime. Although the defendants had expressly referred to § 2113(a), once again the actual wording of the statute was not parsed.

The Ninth Circuit took a route similar to that of the Fourth Circuit in *United States v. Moore*, 921 F.2d 207, 209 (9th Cir. 1990). The *Moore* court determined that "[c]onviction under section 2113 requires only that the defendant intended to use force, violence or intimidation and made a substantial step toward committing the robbery." *Id.* at 209. Citing *Jackson*, the court further determined that conviction under the statute "does not require the actual use of force, violence or intimidation." *Id.* As in *Stallworth*, *Jackson*, and *McFadden*, the wording of the statute was not discussed.

In 2005, the Sixth Circuit weighed in on this issue, though arguably in dicta, in *United States v. Wesley*, 417 F.3d 612 (6th Cir. 2005). The Sixth Circuit found that defendant Wesley's argument that there was insufficient evidence to support his conviction for attempted bank robbery because he did not use actual force or violence was waived because it had not been argued in his motion for judgment of acquittal. The court went on to comment that even if it was not waived, the court would find the argument without merit. Relying on *Stallworth*, *Jackson*, *McFadden*, and *Moore*, the court found

that to "read the statute as defendant urges would be inconsistent with our definition of attempt crimes, and would, without reason, require proof that a defendant actually confronted someone in the bank before he could be convicted of attempted robbery." *Id.* at 618. The *Wesley* court then concluded that the "only reasonable interpretation" would be the one urged by the government, that the "statute criminalizes attempted taking 'by force or violence, or by intimidation.'" *Id.*

### The Circuit Split

A year before *Wesley*, the Fifth Circuit had come to a different conclusion in *United States v. Bellew*, 369 F.3d 450 (2004). Defendant Bellew, wearing an obvious wig and carrying a briefcase, went into a bank and asked to speak with a manager. A manager was unavailable, and Bellew left. He later returned and was told the manager was still unavailable but would be free that afternoon. Bellew left again, and after bank employees informed the manager of Bellew's behavior, the manager called the police. The police arrived and saw Bellew walking towards the bank. The police confronted Bellew at his vehicle and eventually apprehended him.

Bellew argued that, because he had not committed an actual act of intimidation as required by the statute, the evidence did not support a conviction for attempted bank robbery under § 2113(a). The government argued that attempted intimidation was sufficient to support a conviction.

The Fifth Circuit found the views of the Second and Fourth Circuits unpersuasive.

The *Bellew* court noted that the Second Circuit in *Jackson* "explicitly rejected the idea that attempted intimidation was insufficient," but did so "without analyzing the text of Section 2113(a)." 369 F.3d at 456. And the *Bellew* court went on to observe that "the Fourth Circuit [in *McFadden*] followed the Second Circuit's *Jackson* opinion," and did so "without analyzing the relevant text of the statute. *Id.* The *Bellew* court, "focus[ing] on the relevant text itself," found the 'actual act of intimidation' reading to be the most natural reading of the text." *Id.* at 454.

The Seventh Circuit recently adopted the Fifth Circuit's rationale. *United States v. Thornton*, 539 F.3d 741 (7th Cir. 2008). The *Thornton* court noted the different conclusion reached by the Second, Fourth, Sixth, and Ninth Circuits, but did "not find these cases persuasive because they omit an appropriate statutory analysis." *Id.* at 747. Determining that the task was to "simply read the text," the Seventh Circuit then found that "[u]nder a straightforward reading of § 2113(a)," ". . .whoever, by force and violence, or by intimidation, takes or attempts to take. . .," " the 'attempt' language relates only to the taking and not to the intimidation." *Id.* The *Thornton* court went on to observe that acceptance of the government's position that "all that is necessary is that a defendant attempt to intimidate while attempting to rob a bank" would require that "the statute [begin] with 'Whoever attempts by force and violence or intimidation to take.'" The court then held, "Accordingly, actual force and violence or intimidation is required for a conviction under the first paragraph of § 2113(a)."

**The Third Circuit**

As noted above, the Third Circuit has not yet had occasion to comment on the meaning of § 2113(a). In addition to arguing that this court should follow the Second, Fourth, Sixth, and Ninth Circuits, rather than the Fifth or Seventh, the government urges the court to look to two non-precedential opinions from the Third Circuit for guidance. *United States v. Sawyer*, 39 F. App'x 785 (3d Cir. 2002); *United States v. McLaughlin*, 82 F. App'x 741 (3d Cir. 2003). In both these cases the defendants were convicted of attempted bank robbery.

In *Sawyer*, the defendant's challenge to the sufficiency of the evidence upon which he was convicted was evaluated under the "substantial step" rubric. *Sawyer*, 39 F. App'x at 787. However, it is not clear that the defendant grounded his challenge in the language of § 2113(a), and in any event the *Sawyer* panel did not discuss the statutory issue facing this court. Similarly, in *McLaughlin*, the panel noted that the defendant's conviction for aiding and abetting an attempted bank robbery required that the defendant "act with the intent to aid and abet an armed bank robbery and took a substantial step toward carrying out that intent" without referencing the statutory language at all. *McLaughlin*, 82 F. App'x at 744. Thus, these cases shed no light on the statutory construction question which Thysone Smith has raised and which this court must answer.[3]

---

[3] Both cases cite *United States v. Cicco*, 10 F.3d 980 (3d Cir. 1993) as support for their use of the substantial step test. However, *Cicco* is not about bank robbery; the prosecution in that case was brought under 18 U.S.C. § 601, and the alleged attempt was

**Statutory Analysis**

Like the Fifth and Seventh Circuits, this court finds that the analysis starts and ends with the statutory language. A review of the first sentence of § 2113(a) helps to set out the different clauses at issue:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to. . . any bank. . . shall be fined under this title or imprisoned not more than twenty years, or both.

The government argues that: "Simply by virtue of its placement in the statute, the phrase 'by force and violence, or by intimidation' modifies the word 'takes' and establishes the type of 'takings' that the statute prohibits. And when the statute repeats the word 'take' in the phrase 'attempts to take,' we should understand that 'take' here to be the same type of takings established earlier–namely, takings effectuated 'by force and violence, or by intimidation.' The statutory drafters need not have repeated 'by force and violence, or by intimidation' in the attempt language, since its meaning was imported with the type of prohibited 'takings.'" Opp. at 6.

The government's proposed construction of the statute is ingenious. But is it, also, persuasive?

It occurs to me that there is a mode of testing whether the government's parsing of

---

an attempt to coerce municipal employees into performing services for a political party as a condition of employment.

§ 2113(a) is correct. The test I have in mind is a simple one. It is not a test which, as I see it, can be expected to yield a conclusive answer. But I do expect that it will offer some guidance as to the likelihood that Congress intended the words it enacted to carry the meaning that the government attributes to those words–guidance, that it is to say, as to what crimes Congress encompassed in § 2113(a).

The test is as follows: Let us put ourselves in the position of a young lawyer who is assistant counsel to a Congressional committee. Following a meeting of the committee, at which the assistant counsel was not present, the chief counsel tells her that she is to draft a bill that the committee, unanimously, has agreed on as to substance–a bill which, when drafted, is to be introduced by the committee chairman.

The agreed substance is straightforward. The purpose of the bill is to protect banks and similar financial institutions from unlawful deprivations of money and other items of value that belong to or are in the custody of such institutions. The bill is to criminalize two forms of conduct: first, to take an asset of a bank or similar institution by force and violence, or by intimidation; and second, to attempt to take an asset of such an institution by force and violence, or by intimidation.

Pursuant to the chief counsel's instruction the assistant counsel develops three drafts.

Her preferred draft is:

Whoever takes, or attempts to take, from any person, by force and violence, or by intimidation, something of value belonging to or in the custody of a bank, credit

union, or savings and loan association [shall be imprisoned and/or fined].

The assistant counsel also offers her chief what she regards as an adequate, but more complex-in-articulation, alternative:

> Whoever takes, from any person, by force and violence, or by intimidation something of value belonging to or in the custody of a bank, credit union, or savings and loan association, or whoever attempts the foregoing, [shall be imprisoned and/or fined].

In addition she suggests (but, given the awkwardness of the redundant phrasing, with not very much enthusiasm) a third possibility:

> Whoever takes, by force and violence, or by intimidation, or whoever attempts to take, by force and violence, or by intimidation, from any person, something of value belonging to or in the custody of a bank, credit union, or savings and loan association [shall be imprisoned and/or fined].

None of the three drafts is elegant, but in each draft the syntax accomplishes the purpose of defining as crimes both an actual *taking* by force and violence, or by intimidation, and an *attempt* to take by force and violence, or by intimidation. In each draft it is clear that the *taking* by force and violence, or by intimidation, may be actually accomplished or may simply be intended but not realized.

The test, then is whether the syntax in the statute actually enacted matches, in meaning, any of the three drafts discussed above. It does not. The language of §2113(a) provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to. . . any bank. . . [shall be imprisoned and/or fined].

-13-

In this fourth version, the version actually enacted in the United States Code, the placement of "by force and violence, or by intimidation" before "takes, or attempts to take" establishes that it modifies both actions and thereby defines what is prohibited–namely, takings that are, through the use of force and violence, or intimidation, effectuated or attempted to be effectuated. The language cannot support an interpretation that "attempt" can modify the "by force and violence, or by intimidation" clause. It is the other way around–both a taking and an attempted taking are modified by the requirement that the individual committing the taking or the attempted taking used "force and violence, or. . . intimidation."

In order to place the disputed statutory language, which is the initial clause of §2113(a), in full context it may be useful to look once again at the entire first sentence of §2113(a).

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to. . . any bank. . . shall be fined under this title or imprisoned not more than twenty years, or both.

This opening sentence embraces two sorts of offenses. The first involves an unlawful–"by force and violence, or by intimidation"–taking or attempted taking (of a thing of value from a bank or similar institution). The second involves an unlawful obtaining or attempted obtaining (of a thing of value from a bank or similar institution) by extortion. But not only does the second offense differ as to the process by which it is

accomplished–namely, extortion–the syntax also differs. The phrase "by extortion" follows, rather than precedes, the obtaining or attempted obtaining. The "by extortion" language conforms to the three suggested phrasings of the statute drafted, a few paragraphs ago, at the request of the hypothetical congressional committee. The difference between the "by force and violence, or intimidation" syntax and the "by extortion" syntax is strong evidence that the drafters of §2113(a) understood the difference.

The government contends that to require an act of actual force, violence, or intimidation for an attempted bank robbery conviction would be contrary to Congress's intent in passing the statute. However, it is not at all clear that Congress intended to cover, in the first paragraph of § 2113(a), unsuccessful robberies that did not involve the use of force, violence, or intimidation. The Supreme Court, in *Prince v. United States*, 352 U.S. 322, 325 (1957), discussed how the statute, which it acknowledged has an "inconclusive" legislative history, was amended in 1937 to cover a broader array of conduct than that which was originally criminalized when the statute was enacted in 1934. The original statute covered only "robbery, robbery accompanied by an aggravated assault, and homicide perpetrated in committing a robbery or escaping thereafter." *Id.* at 325. The 1937 amendments were designed to add other crimes less serious than robbery, and these amendments included what is now the second paragraph of § 2113(a), which makes it a crime to enter or attempt to enter any bank with the intent to commit a felony.

*Id.* at 326.

> In his letter proposing the bill, the Attorney General declared that 'incongruous results' had developed under the existing law. He cited as a striking instance the case of
> '* * * a man (who) was arrested in a national bank while walking out of the building with $11,000 of the bank's funds on his person. He had managed to gain possession of the money during a momentary absence of one of the employees, without displaying any force or violence and without putting anyone in fear-necessary elements of the crime of robbery-and was about to leave the bank when apprehended. As a result, it was not practicable to prosecute him under any Federal statute.'
> The Act was amended accordingly to add other crimes less serious than robbery.

*Prince*, 352 U.S. at 325-26.

As amended, the 1937 version of the statute included robbery, unlawful entering, and larceny in one paragraph. Since 1937, the statute has been amended a few other times. Amendments broadened the definition of "savings and loan association" to include other types of financial institutions, altered the threshold levels of money taken, and changed the allowable punishments. Of particular note, the statute's revision in 1948 "segregated the larceny provisions in § 2113(b), leaving robbery and unlawful entry in § 2113(a)." *Prince*, 352 U.S. at 326 n.6. As discussed in *Prince*, this revision, according to the legislative history, made "no substantial change." The statute in its current form provides:

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny--
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

It seems that, under the government's view as argued in this case, the individual in the situation presented by the Attorney General could presumably be prosecuted under the first paragraph if he intended to use force, violence, or intimidation, even though he did not have to because the bank employees were absent. However, Congress's response to the Attorney General's request for assistance was not to try to fit this conduct under the first paragraph, but rather to enact the provision which became the crime described in the second paragraph, a crime which has different requirements and clearly does not require the use of force and violence, or intimidation, or extortion. *Id.* Importantly, a conviction under this second paragraph is punishable by up to twenty years in prison, the same amount of time as a conviction under the first paragraph.

This second paragraph also responds to the government's concern that an interpretation which requires the use of actual force, violence, or intimidation for a conviction of attempted bank robbery will "substantially undermin[e] the ability of law enforcement to curb violent crime." Supp. Opp. at 10. The Fifth Circuit in *Bellew*, knowing that it was creating a circuit split in holding that the first paragraph did not apply

to an attempted taking without force or intimidation, noted that the existence of the second paragraph ought to mitigate any discrepancies in punishment between the circuits for the same crime. The Sixth Circuit in *Wesley* responded to this, noting that the second paragraph would not apply to defendants who do not "enter or attempt to enter" the bank and finding that there would still be some conduct not covered by this view of §2113(a). *Wesley*, 417 F.3d at 618 n.1.[4] A concern of this kind ought not to control the construction of the statute. A generalized fear that some bad conduct will escape federal prosecution, particularly where it may in fact constitute violations of other lesser state or federal laws, will not be sufficient to warrant refraining from reading a statute in accordance with its plain language.

It seems that the government, in its charging choices and in its explanation of the issues in this case, views the situation as one covered by general rules and "the longstanding law of attempt crimes" with its requirement that the government prove an intent to commit the crime and a substantial step towards committing the crime. The problem in this case is that the government seeks to have more of the elements satisfied by an attempt than that statutory language permits. The government charges, in essence,

---

[4]For reasons that are not part of the record, Smith was not charged under this second paragraph, and so the question of whether Smith's actions (being in a stationary vehicle outside the bank, in possession of BB guns and other paraphernalia useful for bank robbery) constituted an attempt to enter the bank to commit a felony is not before the court.

that defendant attempted to use force and violence or intimidation to attempt a taking. But the statute specifically provides what may be charged as an attempt–and that is the use of force and violence, or intimidation, to attempt a taking.

This court therefore agrees with the conclusions of the Fifth and Seventh Circuits and finds that a conviction under § 2113(a) for attempted bank robbery requires some evidence that the defendant actually used force and violence or intimidation in attempting to commit the robbery.

**Defendant's Motion**

No reasonable juror could find that defendant's actions–sitting in a parked vehicle, outside a bank, with masks and BB guns to be used in robbing it–constituted force and violence, or intimidation as required by the § 2113(a). As a result, the government has failed to prove an element of the offense, and defendant's motion for judgment of acquittal on the attempted bank robbery charged in Count Three must be granted. The conviction on that count will be vacated. An appropriate order accompanies this opinion.